UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER L. DUFFY,  )<br>  )<br>    Plaintiff  )<br>  )<br>Vs.  )<br>  )<br>GORDON R. ENGLAND  )<br>SECRETARY OF THE NAVY  )<br>    Defendant  )<br>_____ ) | Civil Action No: 04-10410WGY<br><br>29 U.S.C. Sec. 623<br>Complaint for Employment<br>Discrimination (Age) |

## AMENDED COMPLAINT

1. This is an action for declaratory relief, injunctive relief and liquidated damages pursuant to the Age Discrimination in Employment Act of 1967, as amended, *29 U.S.C. Sec. 621 - 634.*

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this action under *29 U.S.C. Sec 633a (c)*. In accordance with 29 U.S.C. Sec 633a (d), plaintiff, Peter L. Duffy filed, via certified mail on 26 January 2004, a "Notice of Intent to File a Civil Action" under the Age Discrimination in Employment Act of 1967, as amended, with the Equal Employment Opportunity Commission (EEOC). Notification of Plaintiff's intent was received by the EEOC on 30 January 2004.

3. Venue is proper under 28 U.S.C. Sec. 1402(a)(1). Peter L. Duffy resides at 210 Boston Road, Sutton, Massachusetts, within the judicial district of this Honorable Court.

## STATEMENT OF FACTS

4. Peter L. Duffy was born on 10 December 1954 and was forty-five (45) years old at the time of the alleged age discrimination.

5. Peter L. Duffy was officially selected for the position of Department Head, Missile and Platform Systems Department (Code 83), at the Naval Undersea Warfare Center, Newport RI, on 31 January 1998.

## ALLEGATION #1

6. Paragraphs 1 and 2 are incorporated herein just as if fully recited.

7. Defendant willfully violated the Age Discrimination in Employment Act (ADEA), *29 U.S.C.633a (a)*, when Defendant developed and executed a strategy with the objective of selecting an individual, for the Senior Executive Service (SES) position, Head, Torpedo Systems, Code 80, that was arbitrarily based on applicant's age. This illegal, discriminatory strategy was proposed by the NUWC Technical Director, Dr. John E. Sirmalis and approved by the NUWC Commander, Rear Admiral Charles Young.

8. This illegal strategy required Defendant to take several actions in order to accomplish the discriminatory objective. These actions included: 1.) Reorganize the Weapons Systems Directorate, Code 80, by splitting off the Missiles and Platform Systems Department, Code 83, and re-designating it Code 40. This was unofficially performed on or about 8 June 2000. 2.) Remove the Plaintiff from his official position as, Head, Missiles and Platform Systems Department and place him in a newly created, meaningless position. This was unofficially performed on or about 8 June 2000. 3.) Reassign the incumbent Code 80 senior executive, Dr. David Dence into the Plaintiff's position as Head, Missile and Platform Systems Department. This was unofficially performed on or about 8 June 2000. 4.) Advertise the now vacant Code 80 Torpedo Systems SES position. This was accomplished on or about 24 July 2000, when the NUWC, Division Newport, posted Vacancy Announcement No: SES-NUWC-00-1. 5.) Select an individual, that met the arbitrary age requirements established by the NUWC leadership. This

was accomplished on or about 28 August 2001, when NUWC Division Newport, announced that Mr. Donald McCormack had been selected for the Senior Executive Service position as Head of the Torpedo Systems Department, effective 9 September 2001.

9. That on or about 7 January 2001, Peter L. Duffy was officially replaced as Department Head, Missile and Platform Systems Department by Dr. David Dence, via official reorganization. The only change in this reorganization was the creation of a new and meaningless position, Director of Strategic Planning and New Business Development, Code 401, for Mr. Duffy.

10. That on or about 7 January 2001, the grade level for Plaintiff's previous held official position was officially changed to that of Senior Executive Service, Grade Level 4.

11. As a consequence of these willful and illegal actions, Peter L. Duffy was removed from and denied his official position at the newly established grade level, SES Level 4.

## ALLEGATION #2

12. Paragraphs 1 and 2 are incorporated herein just as if fully recited.

13. Defendant willfully violated the Age Discrimination in Employment Act (ADEA), *29 U.S.C. 633a (a)*, when Defendant developed and executed a strategy with the objective of selecting an individual for the position of Head, Torpedo Systems, Code 80, that was arbitrarily based on applicant's age. This illegal, discriminatory strategy was proposed by the NUWC Technical Director (TD), Dr. John E. Sirmalis and approved by the NUWC Commander, Rear Admiral Charles Young. Because Plaintiff failed to meet the arbitrary age requirements, established for this position by NUWC civilian and military leadership, he was eliminated from consideration for this SES position prior to the position being advertised.

14. That on or about 15 June 2000, while meeting with Mr. Richard L. Bonin, a member of the NUWC Senior Executive Service, Peter L. Duffy informed Mr. Bonin that he intended to apply for the Head of the Torpedo Systems Department SES vacancy. During that meeting Mr. Bonin related a conversation he had with Dr. John E. Sirmalis, NUWC Technical Director, where Dr. Sirmalis made it clear to Mr. Bonin that Mr. Duffy would not be selected for this position if he applied for it. Hearing of this intention, by the most senior NUWC civilian executive, dissuaded Mr. Duffy from applying for this position in order to avoid the embarrassment and humiliation of a process that was based on predetermined rejection because Plaintiff did not meet arbitrary age requirement established by NUWC leadership.

15. As a result of these willful and illegal actions, Peter L. Duffy was denied an opportunity to compete for a position he was highly qualified for, on a fair and equal basis.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Honorable Court enter judgment for Plaintiff against Defendant, finding that Defendant's willful actions violated Plaintiff's rights under the Age Discrimination in Employment Act of 1967, as amended.

Plaintiff prays for the following relief:

Declaratory Relief:

- Reinstate Plaintiff into his official position as Head of the Missile and Platform Systems Department, Code 40 at the grade of SES Level 4, retroactive to 8 June 2000.

- Pay Plaintiff back pay and lost benefits, with interest, retroactive to 8 June 2000, for the difference between income earned and that which would have been earned at the grade of SES Level 4.

- Pay Plaintiff front pay and benefits if this Honorable Court determines that Plaintiff's reinstatement into his official position is not possible.

- Pay Plaintiff for any and all reasonable attorney fees and costs associated with this legal action.

- Pay Plaintiff any other legal and equitable relief, that this Honorable Court may deem appropriate and to which Plaintiff may be entitled.

Injunctive Relief:

- That Defendant be ordered to take immediate steps to stop and prevent these types of unfair and illegal discriminatory actions from occurring throughout the Naval Sea Systems Command.

Liquidated Damages:

- In accordance with 29 U.S.C. 626(b), Plaintiff be awarded Liquidated Damages as a result of Defendant's willful violation of Plaintiff's rights.

Plaintiff demands a jury trial.

Respectfully submitted,

*[signature]*

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA 01590
(508) 865-7977

## CERTIFICATE OF SERVICE

I, Peter L. Duffy certify that copies of the following document, *Amended Complaint*, Civil Action No. 04-10410WGY, were sent via U.S. Postal Service, Certified Mail on 9 March 2004 to the following addresses:

> US Attorney's Office
> Suite 9200 (9th Floor)
> United States Courthouse
> Boston, MA  02210
>
> Attorney General of the United States
> Department of Justice
> Washington, DC  20530
>
> Gordon R. England
> Secretary of the Navy
> 1000 Navy Pentagon
> Washington, DC  20350

_____
Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA  01590