UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10410-WGY |
| ) | |
| GORDON R. ENGLAND, ) | |
| SECRETARY OF THE NAVY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's Amended Complaint (Complaint) fails to state a claim for relief. First, plaintiff failed to meet the statutory prerequisite that he give timely notice, within 180 days of the alleged discriminatory act, that he believes he has been subject to age discrimination. Second, plaintiff waited well over two years from the time of the alleged discrimination before filing his action in federal court. Under clear First Circuit precedent, his claim is now barred, and pursuant to Fed. R. Civ. P. 12(b)(6) this Court should dismiss the Complaint in its entirety, with prejudice.

**BACKGROUND FACTS**[1]

Plaintiff brings his action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Complaint, ¶ 1. Plaintiff was born in December 1954. Id. ¶ 4. He alleges

---

[1] For purposes of this Motion, defendant accepts, as this Court must, the truth of the well-pleaded factual allegations of the Complaint. Rossiter v. Potter, 357 F.3d 26, 27 (1st Cir. 2004).

he was 45 years old at the time of the alleged discrimination, id., indicating that the alleged discrimination took place in 2000.

Plaintiff is employed by the Naval Undersea Warfare Center, Newport, Rhode Island (NUWCDIVNPT). Id. ¶ 5. Plaintiff brings two "Allegations" against the agency concerning two discrete acts of alleged discrimination. First, he complains that defendant: reorganized the Weapon Systems Directorate on or about June 8, 2000; removed plaintiff from his position as Head, Missiles and Platform Systems Department on or about June 8, 2000; reassigned a senior executive into plaintiff's former position on or about June 8, 2000; advertised a vacant Torpedo Systems Senior Executive Service (SES) position on or about July 24, 2000; and selected Donald McCormack for the SES position. Id., ¶ 8. Plaintiff alleges that he was replaced as Department Head, Missile and Platform Systems Department by Dr. David Dence, and placed into a "new and meaningless position," on or about January 7, 2001, Id., ¶ 9, and that defendant then changed the grade level for plaintiff's "previous held official position," to SES, Level 4. Id., ¶ 10. Because of these actions, plaintiff complains that he was "denied his official position at the newly established grade level." Id. ¶ 11.

Second, plaintiff complains that the agency carried out a "discriminatory strategy" when plaintiff was "eliminated from consideration" for the position of Head, Torpedo Systems, Code 80. Id. ¶ 13. Plaintiff did not apply for the position, but nonetheless alleges he was "denied an opportunity to compete" for it because, in June 2000, he was "dissuaded" from applying by a hearsay report that defendant had made a "predetermined rejection" of plaintiff and so, in order to avoid "embarrassment and humiliation," he elected not to apply. Id. ¶ 14, 15.

On January 26, 2004, plaintiff filed a Notice of Intent to File a Civil Action with the

Equal Employment Opportunity Commission, (EEOC), id. ¶ 2, which was received by the EEOC on January 30. Id. Plaintiff filed his Complaint in U.S. District Court on March 1, 2004, and an Amended Complaint on March 9, 2004.

## ARGUMENT

The Complaint on its face demonstrates that plaintiff has failed to meet the statutory prerequisite for initiating an action under the ADEA, and failed to file his Complaint within the statute of limitations. Under the most generous construction of the Complaint, it fails to state a claim under the ADEA, because the action is time-barred. The Complaint must be dismissed because plaintiff failed to give notice of his intent to file an action within the 180-day period prescribed by the ADEA, and did not file his Complaint until well beyond two years after the alleged unlawful practice and employment actions of which plaintiff complains.

The core allegations of the Complaint are that NUWCDIVNPT management "removed" plaintiff from his position as Head, Missile and Platform Systems Department (Code 83) and placed him into a "meaningless position" of Director of Strategic Planning and New Business Development (Code 401). Plaintiff alleges that the new Code 40 position into which Dr. Dence was assigned was really "his position," and that since Dr. Dence was a member of the SES, plaintiff was denied this position at the "newly established grade level, SES Level 4." Complaint, ¶11. Plaintiff alleges that these events occurred on or about June 8, 2000 and January 7, 2001. Id., ¶¶ 8-10. Plaintiff also alleges a violation of the ADEA when NUWCDIVNPT management dissuaded him from applying for an advertised SES position. Plaintiff alleges that this occurred on or about June 15, 2000. Id., ¶ 14. Plaintiff did not file a Notice of Intent to File a Civil action until January 26, 2004. Id. ¶ 2.

A.   **Plaintiff's Claim Must Be Dismissed Because He Failed to Meet the Statutory Prerequisite for Filing Suit.**

The Complaint must be dismissed because plaintiff failed to meet the mandatory deadline for notifying the EEOC of his intent to sue. The ADEA provides two alternative routes for a federal employee to pursue an age discrimination claim against the federal government. First, an employee may seek resolution through the EEOC administrative process and file an action in federal court if unsatisfied with the results obtained through the EEOC. See 29 U.S.C. § 633a(b). Alternatively, an employee may bypass the administrative process and institute suit directly in federal court. If he chooses the so-called "bypass" action, a plaintiff must file a notice of intent to sue with the EEOC within 180 days "after the alleged unlawful practice occurred," 29 U.S.C. 633a(d), and at least thirty days before filing suit. See 29 U.S.C. § 633a(d); Stevens v. Department of Treasury, 500 U.S. 1, 7, 111 S.Ct. 1562, 1566-67 (1991).

Here, plaintiff elected to bypass the EEOC's administrative procedures and go directly to federal court to pursue his age discrimination claim. That is, plaintiff did not file an administrative complaint with the Navy. Rather, on January 26, 2004, he filed a Notice of Intent to File a Civil Action with the EEOC. Complaint, ¶ 2. He was required to give that Notice to the EEOC no later than one hundred and eighty days after the alleged unlawful discrimination occurred, however. Because it was given <u>years</u> after the events of which plaintiff complains, it violates clear, mandatory provisions of the ADEA requiring prompt notice to the EEOC of an individual's intent to bypass the administrative procedures and file suit in federal court. Specifically, the statute provides that if an individual has not filed a complaint with the EEOC itself, then

. . . <u>no</u> civil action may be commenced by any individual under this section until the

>individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d) (emphasis added). Plaintiff thus failed to meet one of two statutory preconditions for suit, preconditions recently reaffirmed by the First Circuit. Rossiter v. Potter, 357 F.3d 26, 27 (1st Cir. 2004), citing Stevens v. Dep't of Treasury, 500 U.S. 1, 5 (1991) (interpreting statutory provision as requiring "notice of not less than 30 days to the Commission of an intent to sue [and] that the notice shall be filed with the Commission within 180 days of the alleged unlawful practice "). See also Dashnaw v. Pena, 12 F.3d 1112, 1115 (D.C.Cir. 1994). According to the Complaint itself, the events plaintiff complains of occurred in June 2000 (plaintiff's removal from his position, the reassignment of Dr. Dence, and plaintiff's being "dissuaded" from applying for advertised SES position ); July 2000 (advertising of Code 80 SES position for which plaintiff did not apply); and January 7, 2001 (plaintiff "was officially replaced," "via official reorganization," as Department Head, Missiles and Platform Systems Department).[2] Complaint, ¶¶ 8, 9, 10, 14. The latest date by which plaintiff had to give notice in order to bring suit was July 6, 2001. Plaintiff's notice was not mailed until January 26, 2004 – two and a half years after it was required to be given to the Commission. The Complaint must be dismissed for failure to meet the statutory precondition to suit.

**B.    Plaintiff's Complaint Must Be Dismissed Because Time-Barred.**

Plaintiff filed this Complaint in U.S. District Court on March 1, 2004 and an Amended

---

[2] Indeed, plaintiff's Complaint confirms that the alleged discrimination occurred prior to December 2000: on the first page of his Complaint, plaintiff asserts that the discriminatory events took place when he was 45. Complaint, ¶ 4. Plaintiff was born on December 10, 1954. Id.

Complaint on March 9, 2004. The ADEA does not contain a limitations period for suits brought by federal employees who have bypassed the administrative process under 29 U.S.C. § 633a(d). Stevens v. Department of the Treasury, 500 U.S. 1, 7 (1991). Although the statute itself does not establish an outside date for the filing of suit (regardless of whether a federal employee elects to undergo or bypass the administrative process), both the Supreme Court and the First Circuit have recognized that in such circumstances an appropriate limitations period should be borrowed from state or federal law. Stevens at 7; Rossiter at 32-34. The Supreme Court did not need to decide that question in Stevens, because Stevens filed his complaint one year and six days after the alleged event, and the Stevens Court observed that was within whatever statute of limitations would apply. Stevens at 8. The First Circuit squarely addressed the question last January, and ruled that the two-year limitations period contained in the Fair Labor Standards Act applies to ADEA actions filed directly in federal court. Rossiter at 32-35. In order for his bypass action to be timely, therefore, plaintiff was required to file a civil suit no later than two years after the alleged discriminatory event. The events identified in plaintiff's Complaint as being the discriminatory acts that form the basis of his action occurred in June and July of 2000, when the reorganization occurred and plaintiff allegedly was dissuaded from applying for the SES position, and January of 2001, when plaintiff was "officially replaced" from his position and moved into the new Code 401 position he considered "meaningless." Complaint ¶¶ 8, 9, 10, 14. Plaintiff's Complaint was filed on March 1, 2004, more than three years after the events alleged to be violative of the ADEA.

**CONCLUSION**

The Complaint should be dismissed with prejudice for failure to fulfill the statutory

prerequisite to suit, and because it is time-barred in any event.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      UNITED STATES ATTORNEY


                    By:     ____/s/_____
                               Barbara Healy Smith
                               Assistant U.S. Attorney
                               U.S. Attorney's Office
                               United States Courthouse
                               1 Courthouse Way, Suite 9200
                               Boston, MA  02210
Dated: 3 May 2004                 (617) 748-3263