UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER L. DUFFY,<br><br>      Plaintiff<br><br>v.<br><br>GORDON R. ENGLAND<br>SECRETARY OF THE NAVY<br>      Defendant | Civil Action No: 04-10410WGY |

**PLAINTIFF'S MEMORANDUM**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff respectfully submits this memorandum in opposition to Defendant's motion to dismiss Civil Action No. 04-10410WGY, pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6), Failure to State a Claim.

**BACKGROUND**

Defendant, in their Memorandum in Support of Motion to Dismiss, has argued that Plaintiff's Complaint fails to state a claim for relief because "plaintiff failed to meet the statutory prerequisite" to give the Equal Employment Opportunity Commission (EEOC) notice, 180-days from the time of the alleged discriminatory act and that the "plaintiff waited well over two years from the time of the alleged discrimination before filing his action in federal court." The Defendant asserts that, "Under clear First Circuit precedent, his claim is now barred, and pursuant to Fed. R. Civ. P. 12(b)(6) this Court should dismiss the Complaint in its entirety, with prejudice."

## ARGUMENT

Plaintiff respectfully disagrees with the Defendant's motion. Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff first learned of Defendant's motivation to discriminate on the basis of age when he read on 9 December 2003, the tape transcription of a Department of the Navy, Office of the Inspector General (IG), interview that was conducted on 25 June 2001. Prior to that time Plaintiff always believed that he had been subjected to some type of wrongful action, when he was both removed from his official position as well as denied a fair opportunity to compete for an advertised SES position. However, Plaintiff did not know the true motivation behind these actions in which to legally act on.

The interviewee who provided the testimony is unknown because the names were redacted on the document that was provided to the Plaintiff under a Freedom of Information Act (FOIA) request. However, based on the context of the questions and responses, the Plaintiff believes the unknown interviewee is Rear Admiral Charles Young, Commander of the Naval Undersea Warfare Center (NUWC). The Plaintiff needs to be able to conduct discovery in order to verify this. This Naval IG transcription is provided as Exhibit A.

Please note that the documented testimony was provided under oath and was recorded. As ruled by the First Circuit, "it suffices to say that evidence is direct (and thus justifies a mixed-motive jury instruction) when it consists of statements by a decision maker that directly reflect the alleged animus and bear squarely on the contested employment decision." Febres v. Challenger Caribbean Corporation, 214 F.3d 57, 60. This testimony meets the First Circuit's

criteria and therefore provides direct evidence of Defendant's motive of discriminatory animus. This is most apparent in the following excerpt, found on pages 21 through 23 of Exhibit A:

    *IG Investigator:*    *"Okay. Were you going to tell me anything? I interrupted you –"*

    *Witness:*    *"Oh, yeah. The – and so, so we made that decision, and we put [redacted] over there as acting with the intent of advertising the Code 80 position for an SES.*

    *Because one of our other --- this is a systemic problem that we have, is as we have gone through this downsizing post-Cold War period,* **we have to be very careful that we don't allow our senior leadership to age to the point that everybody leaves at the same time**; *in other words, all of our experience goes away.*

    *IG Investigator:*    *"Right"*

    *Witness:*    *"So we wanted to look carefully at advertising that position and getting ---* **some of our young, hot runners** *hopefully would apply for that position,* **so that we could start raising up** *before the [redacted] and the [redacted] and the Dr. Sirmalases and those guys retire, because after they go we lose our mentoring relationship and experience.*

    *And so we did advertise that position, and we have selected someone, although we're kind of stuck in between this deal of hiring now, you know, on the SES and getting permission from big Navy and OPM to hire. So we have selected someone, but we're waiting for the approval process to approve that particular person for the job. And when that gets approved, we will move him into that position. [redacted] will go back to his PD position, which is Code [redacted]. And so that's where that whole evolution stands right now.*

    *So we have – in other words,* **I guess the moral of the story is the fact that we set out on a course** *of how we were going to organize. We have tested it under fire with certain leaders. We*

*are now ready to go to a permanent setup with another,* **with an up-and-coming young man** --- *in this case, it turns out to be a* **young man** *– to fill that position for the leadership of the future."*

**A.    Accrual Commencement Date**

The Plaintiff respectfully submits to this court that, "Under federal law the accrual of an employment discrimination claim commences when a plaintiff knows, or has reason to know, of the discriminatory act." Melendez-Arroyo v. Cutler-Hammer de P.R., 273 F.3rd 30. Accordingly, the start of the time measurement period for both the prerequisite 180-day EEOC notice of intent to sue and the overall statute of limitations should begin to accrue on 9 December 2003 when Plaintiff discovered the statements of discriminatory animus.

**B.    Equitable Tolling**

In the alternative, equitable tolling of both the prerequisite 180-day EEOC notice of intent to sue and the overall statute of limitations is justified for the following reasons.

a.) Defendant has actively misled the plaintiff regarding the plaintiff's cause of action.

In August 2000, Plaintiff filed a complaint with the NAVSEA IG. One of the three allegations in that complaint alleged that Plaintiff had been unfairly removed from his official position as Head of the Missile and Platform Systems Department. During the resultant investigation the Naval IG interviewed, on 25 June 2001, the unknown witness previously referred to who made incriminating statements that provided direct evidence of Defendant's discriminatory animus, based on age, Exhibit A, pages 21-23.

On 12 February 2002, the Naval IG issued its Report of Investigation, Senior Official Case 20000836. The introductory pages of this report are provided as Exhibit B. On page 2, paragraph 9 of this report the Naval IG states, *"This report will show that*

*while the complainant understandably questioned the command's motivation for the realignment of the Weapons Systems Directorate (Code 80), as well as for the concomitant award of a retention bonus to Dr. Dence, **there were otherwise apparently legitimate reasons for these actions.**"*

The Plaintiff argues that it is axiomatic that Naval IG investigators must address and eliminate workplace discrimination when confronted with it. However, in this case, IG investigators not only chose not to address it, even when confronted with blatant statements of discriminatory animus, but actively misled the Plaintiff regarding the cause of action by stating in their report, when referring to Plaintiff's removal from his official position, that "there were otherwise apparently legitimate reasons for these actions."

Because the defendant actively misled the Plaintiff regarding the cause of action Plaintiff respectfully requests this court toll the applicable statutory time limitations.

b.) Plaintiff in some extraordinary way has been prevented from asserting his rights.

Over the past three and a half years the Plaintiff has diligently attempted to discover the truth behind the actions that his employer, the Department of the Navy, has taken against him. In so doing the Plaintiff has exercised his civil rights under the Freedom of Information Act, 5 U.S.C. 552 and the Privacy Act, 5 U.S.C. 552a.

The Defendant however has willfully violated those civil rights, as documented in Civil Action No. 04-10547WGY that is currently before this Court. As alleged, the Naval Sea Systems Command has actively chosen to create an environment that is intended to discourage and frustrate FOIA/PA requestors into abandoning their pursuit of open disclosure. The Plaintiff argues that this is extraordinary behavior on the part of a

government agency and which has prevented him from asserting his rights. Had the Plaintiff had timely access to public documents, as intended by Congress, the Plaintiff likely would have discovered the Defendant's discriminatory motivations within the applicable statute of limitations.

As a result of Defendant's willful violation of the Freedom of Information Act, 5 U.S.C. 552 and the Privacy Act, 5 U.S.C. 552a, as documented in Civil Action No. 04-10547WGY, the Plaintiff respectfully requests this court toll the applicable statutory time limitations.

c.) Plaintiff has timely asserted his rights mistakenly in the wrong forum.

Because Plaintiff did not know of the real motivations behind the Defendants actions, Plaintiff asserted his rights in the wrong forum when he filed two successive complaints with the Naval IG.

The first IG complaint was filed on 18 August 2000. It took the Naval IG over eighteen months to conduct their investigation and report out their findings, which was officially done on 12 February 2002. The Plaintiff did not learn of the official findings until 3 September 2002 when Plaintiff obtains a copy of the Naval Inspector General Report of Investigation, Senior Officials Case 20000836 via a FOIA request.

As previously stated, Plaintiff was actively misled by Defendant as to the cause of action regarding his removal from his official position. Consequently Plaintiff once again asserted his rights in the wrong forum when he filed a second complaint with the NAVSEA IG on 11 September 2002, approximately one week after receiving the FOIA copy of the IG report.

Exhibit C provides an email exchange between Plaintiff and Naval IG representatives. Most obvious is Plaintiff's diligence and Defendant's inability to conduct an investigation into Plaintiff's second complaint. It is worth noting that on 8 December 2003, Mr. Kellum, Head of the Naval IG's Office for Special Inquires suggests to Plaintiff that he pursue his complaint with the Office of Special counsel (OSC) because he "can't guarantee anything" with regards to when his office would be able to start an investigation.

Because the defendant diligently and timely asserted his rights, mistakenly in the wrong forum, Plaintiff respectfully requests that this court toll the applicable statutory time limitations.

C.  **Other Issues with Defendant's Memorandum**

Although Plaintiff believes the following issues should be considered moot in light of his previous arguments, the Plaintiff desires to address and document for the record the following other issues with Defendant's memorandum.

First, with regard to the "outside date" of the overall statute of limitations the Defendant has conceded that, "The ADEA does not contain a limitations period for suits brought by federal employees who have bypassed the administrative process under 29 U.S.C. 633a (d)." The Defendant then goes on to state, "The First Circuit squarely addressed the question last January, and ruled that the two-year limitations period contained in the Fair Labor Standards Act applies to ADEA actions filed directly in federal court. Rossiter at 32-35. " The Plaintiff submits that the Defendant's argument is not as "squarely addressed" as asserted because it fails to recognize that there is at least a three way Circuit split that currently exists on the issue of which federal statute is most applicable to the ADEA with regards to the statute of limitations. Beginning with the

most recent First Circuit ruling to utilize the Fair Labor Standards Act (FLSA). Then the Ninth and the Second Circuits have both found that the general statute of limitations under 28 U.S.C. 2401(a) best applies. See Lubniewski v. Lehman, 891 F.2d 216 (9th Cir.1989); Bornholdt v. Brady, 896 F.2d 57 (2nd Cir.1989). Finally the Eleventh Circuit (as well as others) utilized Title VII. See Edwards v. Shalala, 64 F.3d 601. Based on this divisiveness between the Circuits the Plaintiff believes the statute of limitations issue for the ADEA has not been appropriately resolved.

Second, the Defendant also argues "In order for his bypass action to be timely, therefore, Plaintiff was required to file a civil suit no later than two years after the alleged discriminatory event". Plaintiff takes issue with this assertion because he has clearly stated that Defendant's actions were "willful" and therefore a three-year statute of limitations period would apply.

### Conclusion

For the reasons set forth in this memorandum, Plaintiff requests that Defendant's Motion to Dismiss, pursuant to FRCP 12 (b)(6), be denied.

Respectfully submitted,

Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA  01590
(508) 865-7977

Dated: May 12, 2004

## CERTIFICATE OF SERVICE

I, Peter L. Duffy certify that copies of the following document, *Plaintiff's Memorandum In Opposition to Defendant's Motion To Dismiss*, Civil Action No. 04-10410WGY, were sent via U.S. Postal Service, Certified Mail on 12 May 2004 to the following addresses:

> US Attorney's Office
> Suite 9200 (9th Floor)
> United States Courthouse
> Boston, MA  02210
>
> Attorney General of the United States
> Department of Justice
> Washington, DC  20530
>
> Gordon R. England
> Secretary of the Navy
> 1000 Navy Pentagon
> Washington, DC  20350

*[signature]*
Peter L. Duffy
Plaintiff, Pro Se

210 Boston Road
Sutton, MA  01590

**Exhibit A**