UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER L. DUFFY,<br><br>           Plaintiff,<br><br>v.<br><br>GORDON R. ENGLAND,<br>SECRETARY OF THE NAVY<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  04-10410-WGY |

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

In his Opposition to Defendant's Motion to Dismiss (Opposition), plaintiff argues that the limitations period on his action did not begin to run until December 2003 when he allegedly learned the "true motivation" behind the alleged discriminatory actions that took place in 2000. That argument is wrong.  A cause of action for employment discrimination accrues from the date of the injury, not from the date when a putative plaintiff develops an understanding of the motives that form the basis for the alleged discrimination.  See, e.g., Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96-97 (1st Cir. 2004).  See also Rodriguez Narvaez v. Nazario, 895 F.2d 38, 42 (1st Cir. 1990) (noting that "[t]he general rule. . . is that the time of accrual of a civil rights action is when the aggrieved party knows or has reason to know of the injury which is the basis for his action or when facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated"); Marrapese v. Rhode Island, 749 F.2d 934, 936 (1st Cir.1984), cert. denied, 474 U.S. 921 (1985).

According to long-standing Supreme Court and First Circuit precedent, from which

plaintiff himself quotes, the limitations period begins to run "when plaintiff knows, or has reason to know, of the discriminatory act." Melendez-Arroyo v. Cutler-Hammer de P.R., 273 F.3d 30, 37 (1st Cir. 2001) (emphasis added).  The First Circuit is clear that the rule in an employment discrimination case is that the limitations period starts to run when the claimant receives authoritative notice of the discriminatory act -- that is, when the employee learns of the discharge, demotion, or other adverse employment action on which his action is based.  See Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992) (holding that unequivocal notice of the adverse employment action triggers the limitations period); Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 749 (1st Cir. 1994) (noting that the court "cannot countenance" theory that plaintiff's cause of action did not accrue until "until he became aware of the racial and political motives behind the adverse employment decision").

In Morris, plaintiff had sued his bank employer alleging discrimination on the basis of race and political beliefs in connection with the bank's decision to suspend him from his job as a financial analyst. The First Circuit upheld the district court's dismissal of the claims as time-barred, specifically rejecting Morris' assertion that his claim "did not accrue until he knew of both the suspension and [his employer's] discriminatory animus." Morris, 27 F.3d at 749 (emphasis in original).  Rather, "when an employee knows that he has been hurt and also knows that his employer has inflicted the injury, it is fair to begin the countdown toward repose.  And the plaintiff need not know all the facts that support his claim in order for countdown to commence." Id. at 750.

The essential question is a temporal one: when did Duffy know, or have reason to know, that he had been subject to an adverse action?  See  Rivera-Muriente v. Agosto-Alicea, 959 F.2d

2

at 353.  That question is answered here in plaintiff's Opposition: "Prior to [December 9, 2003] Plaintiff <u>always believed that he had been subjected to some type of wrongful action,</u> when he was both removed from his official position as well as denied a fair opportunity to compete for an advertised SES position."  Opposition at 2 (emphasis added).  Both of those events occurred well outside the limitations period.  According to the allegations in the Complaint, defendant reorganized the Weapon Systems Directorate and removed plaintiff from his position as Department Head in June 2000.  Complaint, ¶¶ 8, 9.  Plaintiff was placed into a new position in January, 2001.  <u>Id.</u>, ¶ 9.  Plaintiff alleges he was "denied an opportunity to compete" for the SES position because he was "dissuaded" from applying for it in June 2000.  <u>Id.</u>, ¶ 14.  Plaintiff did not file a Notice of Intent to File a Civil Action until January 26, 2004.  Plaintiff's claim is untimely, since he admittedly knew of the injury and admittedly suspected it was "wrongful" years before he filed a Notice of Intent to Sue.

 Plaintiff essentially urges the Court to adopt a radical discovery rule – that the clock does not begin to run on a claim until plaintiff discovers the animus behind the injury, not when he discovers the injury itself.  That theory has been rejected in this circuit and others.  <u>See</u>, e.g., <u>Morris</u> at 749-50; <u>Thelan v. Marc's Big Boy Corp.</u>, 64 F.3d 264, 267 (7th Cir. 1995).  The Complaint must be dismissed because "[t]he knowing plaintiff has an obligation to file promptly or lose his claim."  <u>Vesprini v. Shaw Industries, Inc.</u>, 221 F.Supp.2d 44, 54.

 Nor are there grounds for equitable modification of the limitations period. First, that doctrine is applied only in narrow circumstances in the employment discrimination arena, given Congress's clear decree that federal employees must come forward promptly.  <u>See</u>, e.g., <u>Jensen v. Frank</u>, 912 F.2d 517, 521 (1st Cir. 1990) ("This court has respected Title VII's temporal

strictures, and, accordingly, has taken a narrow view of equitable modification). Second, plaintiff has not alleged facts that show he was deceived or oblivious – he concedes he "always believed" the personnel actions were "wrongful." Opposition at 2. Indeed, he complained to the Navy Inspector General in August or September 2000 about being "unfairly removed" from his former position, Opposition at 3. And he acknowledges that, instead of believing and relying on the IG report, he rejected its findings and for "three and a half years" tried to "discover the truth behind the action." Id. at 5. In short, his pleadings do not show that plaintiff was lulled into not taking action, see American Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 124 (1st Cir. 1998), and so equitable estoppel is not appropriate.

That he did not initiate the EEO process but instead went to the Naval Inspector General, does not provide a basis for equitable tolling. Plaintiff has not alleged that he was unaware of his ADEA rights. Id. at 124. Nor has he alleged that he was misled as to the statute of limitations by some misconduct of the defendant. Kale v. Combined Insurance Company of America, 861 F.2d 746, 752 (1st Cir.1988). There clearly was no attempt by the defendants to conceal from Duffy either the reorganization or his "removal from his official position." See Opposition at 2, 6; Complaint at ¶ 8. See Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404 (1st Cir. 1990). Accordingly there are no facts on which to base equitable tolling, and even if plaintiff "misapprehended the legal consequences of his employer's actions," as long as he was aware of his injury, the statute of limitations was triggered. Rivera-Muriente v. Agosto-Alicea, 959 F.2d at 354, citing Torres, 893 F.2d at 407.

Finally, even were the three-year FLSA limitations period for willful conduct applied, Opposition at 8, see Rossiter v. Potter, 357 F.3d 26, 35 n 8 (1st Cir. 2004), the triggering events

4

here fall outside that period, and the Complaint would still be untimely.

## CONCLUSION

The arguments raised in plaintiff's Opposition are unavailing. Plaintiff was aware of his injury and suspected his employer of wrongful conduct in the summer of 2000; the statute of limitations was triggered then.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          UNITED STATES ATTORNEY

                                  By:   /s/ Barbara Healy Smith
                                       Barbara Healy Smith
                                       Assistant U.S. Attorney
                                       U.S. Attorney's Office
                                       United States Courthouse
                                       1 Courthouse Way, Suite 9200
                                       Boston, MA   02210
                                       (617) 748-3263

Dated: 28 May 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this 28th day of May, 2004, served upon the *pro se* plaintiff a copy of the foregoing Reply to Opposition to Motion to Dismiss by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery at the following address: Peter L. Duffy, 210 Boston Road, Sutton, MA 01590.

                                          /s/ Barbara Healy Smith
                                          Barbara Healy Smith
                                          Assistant U.S. Attorney